UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DASHONE MARCEL REYNOLDS | CIVIL ACTION |
| VERSUS | NO. 22-533 |
| ORLEANS PUBLIC DEFENDERS OFFICE | SECTION "R" (2) |

**REPORT AND RECOMMENDATION**

Petitioner Dashone Marcel Reynolds filed this petition for pretrial habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] On May 23, 2023, the matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.[2]

**I.   Factual and Procedural Background**

When Reynolds filed this § 2241 petition on March 2, 2022, he was a pretrial detainee in the Orleans Justice Center.[3] An Orleans Parish grand jury indicted Reynolds on June 17, 2021, in Orleans Parish Criminal Case No. 552-170, with one count each of second-degree murder, attempted second-degree murder, illegal possession of a firearm by a convicted felon, and obstruction of justice.[4] Reynolds has challenged his arrest and pretrial proceedings for these same charges in numerous other § 2241 petitions, one of which was dismissed on the court's decision to abstain from considering Reynold's pretrial claims.[5]

---

[1] ECF No. 1.
[2] ECF No. 13.
[3] ECF No. 1, at 1, ¶4.
[4] ECF No. 12-1, at 36, Grand Jury Return, 6/17/21; *id.* at 40-42, Indictment, 6/17/21. A copy of the state court record was electronically filed by the State at ECF No. 12 in parts Nos. 12-1 through 12-4.
[5] *See Reynolds v. Orleans Crim. Dist. Ct.*, No. 22-200, 2022 WL 2789402, at *1 (E.D. La. Jul. 25, 2022) (Reynolds' prior § 2241 asserting challenges to the constitutionality of his arrest, the search and seizure, speedy trial violations,

## II.     Reynolds' § 2241 Federal Petition

In his current § 2241 petition, filed on February 22, 2022,[6] Reynolds alleges that his pretrial public defender violated his "right to privacy" when she provided the state trial court with information from his medical records, which led to a competency review.[7] He claims that the competency review delayed his pretrial proceedings for three months when there really was no evidence to hold him on the underlying charges. He further claims that counsel also violated his right to a speedy trial when she failed to file a motion as he requested.[8]

In response to the court's briefing order issued prior to referral,[9] the State filed an answer to the petition on February 24, 2023, asserting that Reynolds had not exhausted state court review of his pretrial claims in the Louisiana Fourth Circuit Court of Appeal or the Louisiana Supreme Court.[10] The State also speculated that Reynolds' counsel likely had legitimate reasons for her actions that ultimately did not prejudice Reynolds.[11]

## II.     Subject Matter Jurisdiction Under § 2241

A state *pretrial* detainee is entitled, in some circumstances, to raise constitutional claims in a federal habeas proceeding under 28 U.S.C. § 2241.[12] A petition brought under § 2241 may

---

and sufficiency of the evidence at the preliminary hearing), *appeal dismissed*, No. 22-30473, 2022 WL 18511531, at *1 (5th Cir. Oct. 24, 2022). The other § 2241 cases include Civil Action Nos. 22-247, 22-562, 22-606, 22-901, 22-946, 22-1023, 22-1234, 22-1328, and 22-1580 also before Section "R"(2) of this court.

[6] For a *pro se* prisoner, the "mailbox rule" provides that the filing day is considered to be the date when prison officials receive the pleading from the prisoner for delivery to the court. *Stevenson v. Anderson*, 139 F. App'x 603, 604 (5th Cir. 2005); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (applying the mailbox rule to federal habeas petitions under § 2254). In the absence of evidence to the contrary, federal courts generally presume that the inmate's signature date on the complaint is the date he gave it to prison officials for mailing to the courts. *Accord Toomer v. Cain*, No. 09-7446, 2010 WL 4723365, at *1 n.3 (E.D. La. Jul. 30, 2010) ("Generally, a court will look to the date a prisoner signed his pleading as the earliest date the pleading could have been provided to prison officials for mailing."). Reynolds signed his petition on February 22, 2023, which is the earliest date in the record on which he could have presented to prison officials for mailing to the court.

[7] ECF No. 1, at 6-7 (Ground One).

[8] *Id*. at 7 (Ground Two).

[9] ECF No. 5.

[10] ECF No. 11, at 3, ¶III.

[11] *Id*. at 3-4, ¶IV.

[12] *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (recognizing that state pretrial detainees may bring pretrial challenges under 28 U.S.C. § 2241).

be granted if the inmate "is in custody in violation of the Constitution or laws . . . of the United States."[13] A state detainee's pre-trial petition for writ of habeas corpus is properly brought under 28 U.S.C. § 2241.[14] The petitioner must be in custody for the state criminal matter under attack at the time the petition is filed.[15] A pretrial petitioner who has not yet been tried for the offense in question thus has a right, albeit limited, to invoke federal habeas relief under § 2241.[16] The scope of the limited review turns on the type of relief sought.[17]

A petitioner is generally not permitted to disrupt "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" absent "special circumstances."[18] However, "an attempt to force the state to go to trial" may proceed following exhaustion of state remedies.[19]

### III.  Discussion

#### A.  Mootness

Although Reynolds filed this § 2241 petition while state charges were pending, his case (Orleans Parish Criminal Case No. 552-170) proceeded to trial before the state trial judge without a jury on September 19 and 20, 2022, which resulted in his conviction of the lesser offense of manslaughter and obstruction of justice but not guilty of the other charges.[20] The state trial court sentenced Reynolds on October 19, 2022, to serve concurrent prison terms of 30 years for manslaughter and 20 years for obstruction of justice.[21] The Louisiana Fourth Circuit Court of

---

[13] 28 U.S.C. § 2241(c)(3).
[14] *See Chadman v. Fowler*, No. 17-703, 2018 WL 4051868, at *2 (N.D. Tex. Aug. 24, 2018); *Dickerson*, 816 F.2d at 224.
[15] *Lackawanna Cnty. Dist. Atty. v. Coss*, 532 U.S. 394, 400-01 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).
[16] *Braden v. 30th Jud. Dist. Ct.*, 410 U.S. 484, 488-89 (1973).
[17] *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).
[18] *Braden*, 410 U.S. at 489, 493.
[19] *Brown*, 530 F.2d at 1282-83.
[20] *Reynolds*, 2023 WL 4013322, at *1; *see also* ECF No. 12-1, at 236, Trial Mins., 9/19/22; *id*. at 246-47, Trial Mins., 9/20/22.
[21] *Id*. at 262, Sentencing Mins., 10/19/22; ECF No. 12-4, at 557, Sentencing Tr., 10/19/22.

Appeal affirmed Reynolds' convictions on June 15, 2023.[22] The court, however, vacated the sentences because they were imposed before the running of statutory sentencing delays, and it remanded the matter for resentencing.[23]

Reynolds' conviction means he is no longer a pretrial detainee able to seek federal habeas corpus relief under § 2241. Thus, the pretrial challenges to his counsel's actions leading to the pretrial competency proceeding and resultant speedy trial delays are moot and need not be resolved in this federal proceeding under § 2241.[24]

### B.    Recharacterization of the Claims and Failure to Exhaust

When a petitioner's pretrial claims can be construed as an attack on the validity of a later obtained conviction, a pretrial § 2241 petition may be recharacterized as a petition under 28 U.S.C. § 2254 after the petitioner is convicted in state court.[25] Recharacterization, however, is unnecessary under the circumstances in Reynolds' case for several reasons. First, his claims challenged his counsel's presentation of his medical records which he contends led to the competency proceedings and the temporary trial delays resulting from those proceedings. Reynolds' claims addressing his pretrial counsel, however, do not directly challenge his conviction or the judgment under which he is now in custody.

---

[22] *State v. Reynolds*, No. 2022-0817, 2023 WL 4013322, at *1 (La. App. 4th Cir. Jun. 15, 2023).
[23] *Id*. at *3.
[24] *See Wade v. Anderson*, No. 09-684, 2010 WL 930991, at *1 (N.D. Tex. Mar. 15, 2010) (dismissing with prejudice as moot pretrial detainee's § 2241 petition after his conviction); *see also Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (recognizing that habeas petitions challenging legality of pretrial detention were rendered moot by conviction); *Thorne v. Warden, Brooklyn House of Det. for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented").
[25] *Hartfield v. Osborne*, 808 F.3d 1066, 1071-74 (5th Cir. 2015) ("We hold that the plain language of § 2254 includes [petitioner's] current petition for a writ. Because [petitioner] is currently in custody pursuant to a state court judgment, any habeas writ that issues from a federal court at the present time would necessarily release him from custody pursuant to a state court judgment.").

Additionally, Reynolds' state court conviction also is not final for purposes of initiating federal review under § 2254. As noted above, through his direct appeal, the Louisiana Fourth Circuit vacated Reynolds' sentence and remanded the matter to the state trial court for resentencing on June 15, 2023. Both a petitioner's conviction and sentence must be final for application of § 2254, and that finality occurs at "the conclusion of direct review or the expiration of the time for seeking such review" under state law.[26] Generally, a Louisiana defendant's conviction is final thirty days after the appellate court renders its direct appeal opinion, unless the defendant timely files a writ application in the Louisiana Supreme Court for review of the appellate court's ruling.[27] If the defendant seeks supervisory review, his conviction is final 90 days after the Louisiana Supreme Court's ruling if he does not file for review with the United States Supreme Court.[28] If he seeks review in the Supreme Court, his conviction is final when the Supreme Court denies certiorari.[29] Reynolds has not attained finality of his conviction or any new sentence imposed after remand. Therefore, it would be premature for this Court to recharacterize the petition to consider his claims under § 2254.

Further, state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary review

---

[26] *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (discussing finality of a state court conviction and sentence for purposes of applying the AEDPA's limitations provisions).

[27] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)); LA. CODE CRIM. P. art. 922 (addressing finality of appeal judgment); LA. SUP. CT. RULE X§ 5 (time for seeking review in Louisiana Supreme Court).

[28] *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. SUP. CT. RULE 13(1).

[29] *See Geisberg v. Cockrell*, 288 F.3d 268 (5th Cir. 2002) (for purposes of the AEDPA, a state conviction becomes final when a petition for certiorari is denied by the United States Supreme Court); *Crutcher v. Cockrell*, 301 F.3d 656, 657 (5th Cir. 2002) (same); *Hoffman v. Louisiana*, 768 So. 2d 592, 592 (La. 2000) (conviction not final until application for writ of certiorari to U.S. Supreme Court is denied).

procedures.[30] Reynolds has not exhausted available state court review with respect to the specific claims asserted in his federal petition or any claim challenging the actions or effectiveness of his pretrial counsel. "A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."[31] The exhaustion requirement is satisfied when the substance of the federal habeas claims has been "fairly presented to the highest state court" in a procedurally proper manner.[32] "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[33]

Reynolds filed several Louisiana Supreme Court writs before his trial. In his Louisiana Supreme Court Writ Application No. 22-KH-694, he claimed that the state trial court erred in finding him incompetent and delaying his trial without requiring the State to provide all of his medical and education records.[34] He did not mention or challenge any action by his pretrial appointed counsel. Nevertheless, the Louisiana Supreme Court did not consider that application, or any of Reynolds' pretrial writ applications, because of Reynolds' procedural failure to first seek review of his claims in the lower courts.[35] On direct appeal, Reynolds also did not challenge his counsel's performance or any alleged violation of his speedy trial rights. Instead, he asserted two claims challenging the timing of his sentencing by the state trial court.[36] In addition, as mentioned

---

[30] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Walker*, 533 U.S. 167, 177-79 (2001).
[31] *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Nobles v. Johnson*, 127 F.3d 409, 419 (5th Cir. 1997).
[32] *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).
[33] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation marks omitted); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).
[34] ECF No. 12-3, at 36, La. Sup. Ct. Writ Application, 22-KH-694, 4/28/22.
[35] *State v. Reynolds*, 342 So. 3d 558 (La. Jul. 22, 2022) (Writ No. 2022-KH-0694), *recon. denied*, 351 So. 3d 700 (La. Dec. 20, 2022); *State v. Reynolds*, 352 So. 3d 558 (La. Jan. 11, 2023) (Writ No. 2022-KH-1652); *State v. Reynolds*, 331 So. 3d 928 (La. Jan. 26, 2022) (Writ No. 2021-KH-1706).
[36] *Reynolds*, 2023 WL 4013322, at *1.

previously, he also has not completed review of his direct appeal or resentencing in the Louisiana Supreme Court.[37]

For these reasons, any recharacterization of his petition would be fruitless at this time, as this court would be compelled to dismiss the claims in the interest of comity for failure to exhaust state court review.[38]

### C.    Summary

Reynolds is no longer a pretrial detainee, and his conviction in Orleans Parish Criminal Case No. 552-170 has rendered moot his § 2241 petition for pretrial habeas relief. In addition, Reynolds' state court conviction is not yet final as necessary to trigger federal review under § 2254. Further, Reynolds has not exhausted available state court review of his claims in a procedurally proper manner through the Louisiana Supreme Court, which must be done before seeking federal review under § 2254. For these reasons, as more fully set forth herein, Reynolds' case is not primed for federal habeas corpus review under § 2254. Thus, recharacterization of this § 2241 petition is not warranted.

Accordingly, for the reasons above, Reynolds' § 2241 petition should be dismissed as moot.

---

[37] Reynolds also has not yet pursued post-conviction review (since his conviction is not final under state law) during which he also could seek state court review of his constitutional claims. This process requires initial presentation of appropriate claims on the appropriate form in the state trial court. LA. CODE CRIM. PROC. art. 925 *et seq*. Review of the trial court's ruling may then be sought in the appellate court and the Louisiana Supreme Court by application for a writ of review. LA. CODE CRIM. PROC. art. 930.6; LA. SUP. CT. RULE X § 5; LA. APP. RULE 4–1 *et seq*.

[38] *Rose*, 455 U.S. at 518; *see Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) ("And we held in [*Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)] that the principles of comity and federalism that underlie our longstanding exhaustion doctrine - then as now codified in the federal habeas statute, see 28 U.S.C. §§ 2254(b), (c) - require that [a] constitutional claim [. . .] be first raised in state court").

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Dashone Marcel Reynolds' petition for habeas corpus relief considered under 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[39]

New Orleans, Louisiana, this __14th__ day of August, 2023.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[39] *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.